## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

IN RE:  ALEXANDER LOUIS BEDNAR, )
              Debtor,            )

                                 )      Case No.:  19-14021
                                 )      Chapter 13

## MOTION FOR LEAVE TO AUTHORIZE OKLAHOMA COUNTY TO GARNISH FUNDS HELD BY TRUSTEE

Rick Warren, the duly elected Oklahoma County Court Clerk, and Deputy Courtroom Clerk Jennifer Byler (collectively referred to as "Oklahoma County"), obtained four sanctions judgments against Debtor, Alexander Bednar, ("Bednar") -- two issued by the Oklahoma Supreme Court and two issued by the District Court of Oklahoma County-- for engaging in frivolous and vexatious conduct.  [Claim 5; Doc. Nos. 72-1 through 72-3].

Bednar filed this case on October 1, 2019. [Doc. No. 1].  This is the third bankruptcy filing in the last year.  Indeed, on June 6, 2019, Bednar filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court. *See* Case No. 19-12312, at Doc. No. 1 ("First Case").  The sole purpose of the filing was to stay a hearing on assets.  Notably, Bednar did not obtain the mandatory credit counseling prior to filing the First Case, despite declaring under penalty of perjury that he had.  Therefore, the Court dismissed the First Case on July 9, 2019.  *See* Case No. 19-12312, at Doc. No. 18.

1

After the First Case was dismissed, Oklahoma County reset the hearing on assets.  In response, Bednar filed a second Chapter 13 Petition for bankruptcy on July 11, 2019.  *See* Case No. 19-12845, at Doc. No. 1 ("Second Case").  After Bednar failed to appear at the Meeting of Creditors, the Court dismissed the Second Case on September 6, 2019. *Id.*  at Doc. No. 23.

When the Second Case was dismissed, Oklahoma County reset the hearing on assets for a third time.  The hearing was set for October 1, 2019. *Id.* That same day, Bednar filed the current and third petition for bankruptcy.  *See* Doc. No. 1.  On October 10, 2019, Oklahoma County filed a Motion for Determination of No Stay.  [Doc. No. 19].  The Court granted the Motion that same day. [Doc. No. 20].

During October 10, 2019, and June 9, 2020, Bednar attempted to propose a confirmable Chapter 13 plan three times. [Doc. Nos. 3, 40, and 61]. During this period, Bednar pay approximately $26,257.00 to the Trustee.  *See* Trustee Exhibits 6 and 7 to the June 9, 2020 Confirmation Hearing.

On June 24, 2020, the Court entered an Order dismissing this matter, finding that Bednar is ineligible to be a Chapter 13 Debtor because his debts exceed the limits set forth in the Bankruptcy Code. [Doc. No. 81].

## ARGUMENTS AND AUTHORITIES

As a preliminary matter, Oklahoma County recognizes that the *Barton* Doctrine (*Barton v. Barbour,* 104 U.S. 126 (1881)) would likely apply to a

2

garnishment action, and therefore, they must obtain leave from this Court before initiating any garnishment action against the trustee. *See Lankford v. Wagner,* 853 F.3d 1119 (10th Cir. 2017) (holding that trustee in bankruptcy could not be sued without first seeking leave in bankruptcy court).

## I.   FUNDS HELD BY A CHAPTER 13 TRUSTEE CAN BE GARNISHED.

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are both silent as to whether a Chapter 13 trustee is subject to garnishment[1].

Title 11 U.S. C. § 1326(a)(2) provides in part:

> If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

Notably, the plain language of § 1326(a)(2) does not prevent a creditor from garnishing the funds held by the trustee. In fact, one bankruptcy court noted that "Chapter 7 trustees are subjects to writs of garnishment regularly." *In re Martinez*, No. 13-12642-BKC-LMI, 2015 WL 4874940, at *3, FN 13 (Bankr. S.D. Fla. July 22, 2015).

From a logical standpoint, it makes perfect sense to allow a creditor to garnish the funds held by the trustee upon dismissal.  Indeed, the circumstances are no different from any other deposit account, such as a bank

---

[1] There is a split in the circuits whether the funds held by the trustee are subject to garnishment. The undersigned was not able to locate any cases within the Tenth Circuit that addresses this issue.

account—the bank owes that money back to the depositor upon withdrawal or closing of the account. *See In re Cohn*, 2016 WL 797656*4 (Bankr. D. Az. February 29, 2016). Section 1326(a)(2) requires the trustee to return funds to the debtor if the case is dismissed, just like a deposit agreement requires the bank to return the bank account funds to the depositor—but that does not preempt the remedies of creditors under state or federal law.

Likewise, an employer's obligation to pay wages owed to an employee does not preclude a creditor from garnishing those wages. Simply put, there is nothing is the Bankruptcy Code that shields a trustee from garnishment and allows a trustee to be treated any differently than an employer or a bank. *See In re Vaughter*, No. BR13-41425, 2014 WL 806207, at *2 (Bankr. D. Neb. Feb. 28, 2014); *In re Martinez*, No. 13-12642-BKC-LMI, 2015 WL 4874940, at *3 (Bankr. S.D. Fla. July 22, 2015); *Brickell v. Dunn (In re Brickell)*, 142 F. App'x 385, 389 (11th Cir. 2005) ("[t]here is nothing in either the Code or the Rules ... which prohibits garnishment of the trustee"); *In re: Calamity M. Johnson, Debtor.*, No. 19-43854, 2020 WL 1943205, at *2 (Bankr. E.D. Mich. Apr. 22, 2020); s*ee In re Fischer*, 432 B.R. 863, 865 (Bankr.M.D.Fla.2010); *In re Schlapper*, 195 B.R. 805, 806 (Bankr.M.D.Fla.1996) (**"**Once the order of dismissal is entered, and the stay has been lifted, and the Trustee has been ordered to turn over funds to the Debtor, she becomes a debtor of the Debtor to that extent."); *In re Price*, 484 B.R. 870, 873 (Bankr.E.D.Ark.2013) ("The

4

language of 1326(a)(2) does not clearly extend those protections beyond the entry of the order of dismissal").

Here, the Trustee is holding approximately $26,257.00 that will be returned to Bednar because he is not an eligible debtor for Chapter 13 relief. The facts in the case at bar present an even stronger argument for allowing Oklahoma County to garnish the funds held by the Trustee.

First, Oklahoma County has four Sanctions Judgments totaling $31,582.50 (excluding Judgment interest) that are non-dischargeable. Bednar never filed an objection to this claim.

Second, there has been no stay in effect because Bednar is a serial filer and filed three bankruptcies in the last year.

Third, as demonstrated in Oklahoma County's Objection to Confirmation, Bednar filed for bankruptcy in bad faith. He has been dishonest with this Court and his creditors with respect to his schedules. He has manipulated that bankruptcy system by repeatedly running to the bankruptcy court to avoid Oklahoma County's effort to collect on the non-dischargable sanction judgments. Therefore, there is also cause under 11 U.S.C. § 349(b)(3) to authorize the garnishment of the funds held by the Trustee.

## CONCLUSION

For the reasons set for above, Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler, respectfully leave to garnish the funds held by the Trustee.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY


s/Carri A. Remillard
Aaron Etherington (OBA 18259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
aaron.etherington@oklahomacounty.org
rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org

ATTORNEYS FOR THE OKLAHOMA
COUNTY COURT CLERK RICK WARREN
AND JENNIFER BYLER,
NONDISCHARGEABLE CREDITORS

## NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have

your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the Carri A. Remillard, Assistant District Attorney, and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that that on June 26, 2020, a true and correct copy of the above Motion was electronically served using the CM/ECF system to the following:

John Hardeman
Chapter 13 Trustee

Eva Borgehi
Attorney for Alexander Bednar, Debtor

Chris Harper
Attorney for Creditor Jill Bednar

s/Carri A. Remillard
Carri A. Remillard